Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| CARMEN MORALES GARZA, | Case No. 2-20-bk-01325-BMW |
| | **TRUSTEE'S RECOMMENDATION** |
| Debtor. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. Requests for information and documents by the Trustee are not superseded by the filing of an amended plan or motion for moratorium.

2. The proof of claim filed by US Bank/PHH Mortgage, #9, differs from the creditor's treatment under the Plan. The Debtor must resolve the discrepancy before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor: (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; or (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires the

receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor, then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

3. The Order Confirming Plan must include the following conduit language:

(a) US Bank/PHH Mortgage is secured by a deed of trust in the Debtor's real property and will be paid prepetition mortgage arrears of $13,071.96 with 0% interest.

(b) The Trustee will disburse the mortgage conduit payments beginning March 2020. The Trustee will disburse the mortgage conduit payments for the duration of the Plan, unless otherwise ordered. For any month when the funds on hand in the case are insufficient to allow the payment of a full conduit payment and any adequate protection payments on personal property that have become due, the Trustee will pay the conduit payment on the next disbursement date when the Debtor's case has sufficient funds to pay a full conduit payment.

(c) If and when a Notice of Payment Change is received, the Trustee will adjust the plan payment amount to reflect the increase or decrease in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an order of the Court or a modification of the plan. See L.R.B.P. 2084-4.

(d) If the secured creditor files any notices for post-petition fees and expenses, within 21 days of the notice, the Debtor must submit an amended Stipulated Order Confirming to the Trustee. The amended order must provide for payment of the additional expenses, plus trustee fee, and increase the plan yield accordingly.

- 2 -

4. Debtor is reminded that delinquent conduit payments cannot be waived. Any future amended or modified plans requesting a moratorium on payments may only request a moratorium as to the regular monthly plan payments. Conduit mortgage payments have to be made consistently each month in order for the Debtor to remain current on post-petition mortgage payments.

5. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

- 3 -

(G) Any order confirming plan to provide that the Debtor is not required to file post petition tax returns.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

**Plan payment status:** Debtor has submitted $1,000.00 toward the payment of $1,040.00 due March 8, 2020. A balance of $40.00 is past due March 8, 2020, and payments of $1,040.00 each are past due for April and May 8, 2020, with an additional payment coming due June 8, 2020. Debtor's remittance in the total amount of $3,160.00 must be received in the Trustee's office not later than June 15, 2020.

Subsequent payments of $1,040.00 will be due on or before the 8th day of the month, starting July 2020.

**Pursuant to Local Rule 2084-10(b), the Debtor must provide the following by June 15, 2020, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

(a) All information as required in Item #2 above; and

(b) Pay to the Trustee the sum of $3,160.00.

SUMMARY: Pursuant to Local Rule 2084-10(b), Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

CARMEN MORALES GARZA
8009 SOUTH CALLE MARAVILLA
TEMPE, AZ 85283

BENJAMIN WRIGHT
WRIGHT LAW OFFICES, PLC
2999 N. 44TH ST., SUITE 600
PHOENIX, AZ 85018

_____
*cturner@ch13bk.com*

- 5 -